U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 10 2012
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TIMMY RAY CALDWELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:12-CV-707-A |
| | § | |
| RICK THALER, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### ORDER CONSTRUING PETITIONER'S "WRIT OF MANDAMUS RELIEF PURSUANT TO 28 U.S.C. § 1361" AS A PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY, MEMORANDUM OPINION and ORDER DENYING A CERTIFICATE OF APPEALABILITY

On October 4, 2012, the clerk of Court accepted for filing Petitioner Timmy Ray Caldwell's "Writ of Mandamus Relief Pursuant to 28 U.S.C. § 1361," pending judicial review of the document and exhibits thereto. Petitioner is a state prisoner confined under two state court convictions. His request for release effective immediately based on a void 2001 cumulation order is cognizable

---

[1] Petitioner designates the Court of Criminal Appeals of Texas as Respondent. However, in a habeas action the proper respondent is the immediate custodian of the petitioner. Petitioner is currently in custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), in the Powledge Unit in Palestine, Texas. Therefore, the correct Respondent is Rick Thaler, the Director of the Texas Department of Criminal Justice, Correctional Institutions Division. The clerk is directed to docket and change the designation of the Respondent accordingly.

only in the context of a habeas corpus action pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) (when a litigant seeks immediate or speedier release from confinement, the appropriate cause of action is a petition for writ of habeas corpus); *Wilson v. Foti*, 832 F.2d 891, 892 (5th Cir. 1987) (same); *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). Moreover, federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). Accordingly, petitioner's "Writ of Mandamus Relief Pursuant to 28 U.S.C. § 1361" is construed as a habeas corpus petition under § 2254.

Having so construed petitioner's pleading and the relief sought by petitioner, the court has concluded that the petition should be summarily dismissed as successive. No service has issued upon respondent.

I. FACTUAL AND PROCEDURAL HISTORY

Petitioner is serving a life sentence on his 2000 conviction for burglary of a habitation in cause number 0478240 and a 30-year sentence on his 2001 conviction for aggravated robbery in

Tarrant County, Texas. (Pet. Apps. E & F) Petitioner has previously sought federal postconviction habeas relief challenging the same convictions. *Caldwell v. Cockrell*, No. 4:02-CV-326-A (burglary of a habitation) (dismissed, in part, and denied, in part); *Caldwell v. Cockrell*, Civil Action No. 4:03-CV-100-Y (aggravated robbery) (denied on the merits).[2]

In the instant petition, petitioner challenges the trial court's cumulation order in the aggravated robbery case in cause number 0772847, wherein the court ordered his 30-year sentence to begin after service of his life sentence in cause number 0478240. (Pet. App. E at 31 & App. F at 123) In two grounds, petitioner claims he is being denied his right to release because of the trial court's abuse of discretion in assessing the improper, void cumulation order, which is causing TDCJ to improperly calculate his time to be released. (Pet. at 1)

## II. SUCCESSIVE PETITION

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A

---

[2]The court takes judicial notice of the pleadings and state court records filed in petitioner's prior federal habeas petitions.

3

petition is successive when it raises a claim or claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Petitioner's challenge to the trial court's cumulation order could have been raised in petitioner's prior habeas corpus action challenging the underlying aggravated robbery conviction.

Before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not demonstrated that he has obtained leave to file this petition from the Fifth Circuit Court of Appeals. Thus, this court is without jurisdiction to consider the petition. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed for lack of jurisdiction.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in

the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied; the denial shall refer only to the present case and shall have no effect upon the petitioner's right to seek permission from the Fifth Circuit to file a successive petition.

SIGNED October ___10___, 2012.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE