IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 10 2012

CLERK, U.S. DISTRICT COURT
By _____
           Deputy

| | | |
|---|---|---|
| TIMMY RAY CALDWELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:12-CV-707-A |
| | § | |
| RICK THALER, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

ORDER CONSTRUING PETITIONER'S "WRIT OF MANDAMUS RELIEF PURSUANT
TO 28 U.S.C. § 1361" AS A PETITION FOR WRIT OF HABEAS
CORPUS BY A PERSON IN STATE CUSTODY,
MEMORANDUM OPINION
and
ORDER DENYING A CERTIFICATE OF APPEALABILITY

On October 4, 2012, the clerk of Court accepted for filing

Petitioner Timmy Ray Caldwell's "Writ of Mandamus Relief Pursuant

to 28 U.S.C. § 1361," pending judicial review of the document and

exhibits thereto. Petitioner is a state prisoner confined under

two state court convictions. His request for release effective

immediately based on a void 2001 cumulation order is cognizable

---

[1]Petitioner designates the Court of Criminal Appeals of Texas as
Respondent. However, in a habeas action the proper respondent is the
immediate custodian of the petitioner. Petitioner is currently in custody of
the Texas Department of Criminal Justice, Correctional Institutions Division
(TDCJ), in the Powledge Unit in Palestine, Texas. Therefore, the correct
Respondent is Rick Thaler, the Director of the Texas Department of Criminal
Justice, Correctional Institutions Division. The clerk is directed to docket
and change the designation of the Respondent accordingly.

only in the context of a habeas corpus action pursuant to 28

U.S.C. § 2254.  *See Preiser v. Rodriguez,* 411 U.S. 475, 488-90

(1973) (when a litigant seeks immediate or speedier release from

confinement, the appropriate cause of action is a petition for

writ of habeas corpus); *Wilson v. Foti,* 832 F.2d 891, 892 (5th

Cir. 1987) (same); *see also Carson v. Johnson,* 112 F.3d 818, 820

(5th Cir. 1997); *Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir. 1995)

(per curiam).  Moreover, federal courts are without power to

issue writs of mandamus against state officers in the performance

of their duties where mandamus is the only relief sought.  *Moye*

*v. Clerk, DeKalb County Sup. Court,* 474 F.2d 1275, 1275-76 (5th

Cir. 1973).  Accordingly, petitioner's "Writ of Mandamus Relief

Pursuant to 28 U.S.C. § 1361" is construed as a habeas corpus

petition under § 2254.

Having so construed petitioner's pleading and the relief

sought by petitioner, the court has concluded that the petition

should be summarily dismissed as successive.  No service has

issued upon respondent.

I.  FACTUAL AND PROCEDURAL HISTORY

Petitioner is serving a life sentence on his 2000 conviction

for burglary of a habitation in cause number 0478240 and a 30-

year sentence on his 2001 conviction for aggravated robbery in

2

Tarrant County, Texas.   (Pet. Apps. E & F)   Petitioner has

previously sought federal postconviction habeas relief

challenging the same convictions.   *Caldwell v. Cockrell*, No.

4:02-CV-326-A (burglary of a habitation) (dismissed, in part, and

denied, in part); *Caldwell v. Cockrell*, Civil Action No. 4:03-CV-

100-Y (aggravated robbery) (denied on the merits).[2]

In the instant petition, petitioner challenges the trial

court's cumulation order in the aggravated robbery case in cause

number 0772847, wherein the court ordered his 30-year sentence to

begin after service of his life sentence in cause number 0478240.

(Pet. App. E at 31 & App. F at 123)   In two grounds, petitioner

claims he is being denied his right to release because of the

trial court's abuse of discretion in assessing the improper, void

cumulation order, which is causing TDCJ to improperly calculate

his time to be released.   (Pet. at 1)

## II.   SUCCESSIVE PETITION

Title 28 U.S.C. § 2244(b) requires dismissal of a second or

successive petition filed by a state prisoner under § 2254 unless

specified conditions are met.   28 U.S.C. § 2244(b)(1)-(2).   A

---

[2]The court takes judicial notice of the pleadings and state
court records filed in petitioner's prior federal habeas
petitions.

petition is successive when it raises a claim or claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Petitioner's challenge to the trial court's cumulation order could have been raised in petitioner's prior habeas corpus action challenging the underlying aggravated robbery conviction.

Before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not demonstrated that he has obtained leave to file this petition from the Fifth Circuit Court of Appeals. Thus, this court is without jurisdiction to consider the petition. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed for lack of jurisdiction.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in

the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied; the denial shall refer only to the present case and shall have no effect upon the petitioner's right to seek permission from the Fifth Circuit to file a successive petition.

SIGNED October _____12_____, 2012.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE